OPINION
{¶ 1} Shomari Reid is appealing from his conviction on one count of drug possession, a felony in the first degree. After the overruling of his motion to suppress, Mr. Reid pled no contest, was convicted and duly sentenced. On appeal, he alleges as his sole assignment of error that the trial court "improperly denied defendant's motion to suppress." The facts of this case and the rationale behind the court's decision are succinctly set forth in the following written decision and order by the Hon. Visiting Judge Patrick J. Foley:
 {¶ 2} "Shomari S. Reid was indicted for the offense of possession of crack cocaine and assault on a police officer. He filed a Motion to Suppress any evidence seized from him when he was stopped and apprehended on April 10, 2002.
 {¶ 3} "At the hearing on July 25, 2002, the State introduced the testimony of one witness, Officer Doug Hall of the City of Dayton Police Department. Based on the testimony of that witness, the Court makes the following findings of fact:
 {¶ 4} "1. On April 10, 2002 a number of Dayton police officers were on duty in the area of Germantown Street and Gettysburg Avenue. They had received a briefing earlier that day about the open air drug activity in that area. They were assigned to conduct strict law enforcement, focusing on drugs, but including other violations. Officer Hall was one of the officers on duty, and he has previously participated in drug arrests in that area, and has received quantities of drugs and drug money on some of those occasions.
 {¶ 5} "2. Officer Hall heard a radio dispatch from Detective House who was another one of the officers participating in this concentrated surveillance. Detective House asked that a traffic stop be made of a black Monte Carlo, because its windows were tinted so dark that they were in violation of the statute. Officer Hall went to a Shell gasoline station at Germantown and Gettysburg, and saw the black Monte Carlo.
 {¶ 6} "3. The windows of the vehicle were dark and in Officer Hall's opinion, were in violation. Hall also observed that the exhaust system was very loud, and in violation of the anti-noise ordinance.
 {¶ 7} "4. Hall approached the driver, who was the sole occupant, and asked him to turn off the engine so he could hear, and obtained his driver's license. The driver, Mr. Reid, moved his right hand behind him, under his right thigh, near the place where the seat of the vehicle meets the back of the seat. The officer was concerned that the man was reaching for a weapon, so he told him to put his hands on the steering wheel. After momentarily complying, the driver again reached back towards the area behind his right thigh. The officer told him to bring his hand back and as he did so, he saw what looked like a remote control box in his hand It did not appear to be a weapon.
 {¶ 8} "5. As these movements occurred, the officer was explaining why he stopped the vehicle and that he wanted to run a tintmeter test of the windows to determine whether there was a violation. He asked the driver to get out of his vehicle and the man failed to do so, and made the second of the movements with his right hand
 {¶ 9} "6. Officer Hall began to pull defendant out of the vehicle. Defendant broke free of the grasp of the officer, ran into the officer, and then started to run from the scene. He ran at and knocked Officer Copley out of his path and kept running. Two other officers tackled and stopped Mr. Reid.
 {¶ 10} "7. Officer Hall saw a plastic bag fall from Reid to the ground. Hall recovered that bag and saw that Reid was clutching other plastic bags in his right hand The bags contained material which looked like crack cocaine to the officer.
 "ANALYSIS {¶ 11} "Operating a motor vehicle with excessively tinted glass on a highway or on private property open to the public for vehicular travel or parking is a minor misdemeanor. R.C. 4513.24.1. Likewise, every vehicle must at all times be equipped with a muffler in good working order to prevent excessive or unusual noise. R.C. 4513.22. Based on the radio report from Detective House, Officer Hall had adequate reason to investigate the vehicle on the Shell property which matched House's description. When the driver reached behind himself twice, this warranted concern for whether he might be trying to get something to use as a weapon.
 {¶ 12} "The order to get out of the vehicle was appropriate, in view of the hand movements and the planned use of the tintmeter inside the vehicle. This is true even though the traffic violations were minor misdemeanors.
 {¶ 13} "The failure to vacate the vehicle justified the force to pull the man out. That led to the attempted escape and the observation of the plastic bags.
 {¶ 14} "Therefore, the stop, the detention, and the taking custody of the bags and the contents thereof did not violate any rights of Mr. Reid.
 {¶ 15} "The Motion to Suppress is OVERRULED." (Docket 17).
 {¶ 16} We can find no abuse of discretion on the part of the trial court in its decision. The defendant's failure to exit his vehicle when ordered to do so by the police after he had made some furtive movements with his right hand certainly justified the officer pulling the defendant out of his vehicle. The defendant's then attempted escape after grappling with the officer obviously justified his recapture. The first plastic baggie of apparently crack cocaine fell to the ground in plain view of the officers. His furtive movements with his right hand were explained when such other plastic bags were found in it.
 {¶ 17} The assignment of error is overruled, and the judgment is affirmed.
Brogan, J. and Wolff, J., Concur.